J-A10001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.B. | : | |
| | : | |
| Appellant | : | No. 2758 EDA 2019 |

Appeal from the Order Entered August 20, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. 1805V7461

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                              **FILED JULY 27, 2020**

B.B. appeals *pro se* from the Protection from Abuse ("PFA") order entered against him upon the petition of H.B.  We dismiss the appeal.

From the certified record and the trial court's opinion, we glean that Appellant and H.B. are former intimate partners.  H.B. filed a PFA petition and obtained a temporary order.  After a full hearing, the trial court entered a permanent order on August 20, 2019, *inter alia*, prohibiting Appellant from having contact with H.B. for three years.  Appellant filed a timely notice of appeal, but did not serve it upon any of the relevant parties, namely, H.B., the trial court, and the court reporter.[1]  **See** Notice of Appeal, 9/18/19, at unnumbered 2.  **See also** Trial Court Opinion, 12/4/19, at 2.  Upon learning

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] As a result, the certified record contains no transcript of the PFA hearing.

of the appeal, the trial court entered an order instructing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a response in which he, *inter alia*, directed the trial court to file a complaint with the Superior Court if it did not know "the full details of the case under appeal," and expressed his willingness "to comply with a request if formally written and served to me and The Superior Courts." Order Response, 11/22/19. Consequently, the trial court authored an opinion pursuant Pa.R.A.P. 1925(a) indicating that Appellant's response contains "no information whatsoever about how the trial court erred in rendering the decision[.]" Trial Court Opinion, 12/4/19, at 4.[2]

Appellant's filing in this Court is similarly deficient. Appellant's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively. Finally, rather than attaching a copy of the trial court's opinion to his brief as required by Pa.R.A.P.

---

[2] The trial court opines that Appellant's response warrants finding his issues waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). **See** Trial Court Opinion, 12/4/19, at 4. Given our disposition *infra*, we do not reach the issue of Rule 1925(b) waiver.

2111(b), Appellant supplied an "Opinion" in which he offered his ideas about "[t]he best way this could have been resolved . . . ." Appellant's brief at unnumbered 5.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks omitted).

Appellant's complete disregard for the Rules of Appellate Procedure and the absence of a transcript of the proceedings below have left this Court unable to conduct meaningful review. **See**, **e.g.**, **Commonwealth v. Sanford**, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss this appeal without considering its merits. **See** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed.

J-A10001-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/20